## A89A1425. HOLT v. THE STATE.
### (385 SE2d 787)

BANKE, Presiding Judge.

On appeal from his conviction of rape, the appellant contends that the evidence was insufficient to support the jury's verdict and that the trial court erred in refusing to declare a mistrial based on indications given by the jury during the course of its deliberations that it was hopelessly deadlocked.

The victim was 15 years old at the time the events in question took place and was more or less on her way to her grandmother's house from school. Rather than proceeding there directly, however, she decided first to walk to the home of a former boyfriend who lived in the neighborhood to return a cassette tape she had borrowed from him. On her way, she passed by the appellant, who called out to her by name from the front porch of his house and asked her if she remembered him. She replied that she did not and continued on to the boyfriend's house, only to learn that he was not home. When she passed by the appellant's house again on her return, he asked her for her telephone number. She replied that she did not have any paper to write it on, whereupon he invited her into the house. She testified that she accepted this invitation and that when she entered the house, the appellant locked the door, pulled her into his bedroom, and twice forced her to engage in sexual intercourse with him against her will.

In her original statement to police following the incident, the victim maintained that the appellant had pulled her down the street and forced her into the house at gunpoint. However, she later conceded that this was not what had happened, explaining that she had been afraid to tell the truth initially because she believed that if she did so she would be punished by her mother for going to her former boyfriend's house without permission. The appellant's defense was that the intercourse was consensual; however, he did not testify at trial. Held:

1. The victim's testimony that the sexual acts were committed against her will was sufficient to support the appellant's conviction of rape, the issue of her credibility being for the jury to decide. Accord

*Robertson v. State*, 184 Ga. App. 796 (1) (363 SE2d 43) (1987). Having reviewed the evidence in the light most favorable to the jury's verdict, we conclude that it was sufficient to enable a rational trier of fact to find the appellant guilty of rape beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial commenced on February 27, 1989; and the presentation of the evidence was completed on February 28, in time for the jury to deliberate for approximately two hours before being released. The jurors resumed their deliberations on March 1 at 9:00 a.m. Shortly before noon, they sent a note to the judge stating: "After much discussion and three votes, we cannot reach a unanimous verdict." The judge responded by informing the jurors that he was going to "let [them] deliberate some more," whereupon, after recessing for lunch, they resumed their deliberations. At approximately 4:00 p.m., they sent the judge another note stating: "We have continued to deliberate and have gotten no farther. We do not see any possibility of reaching a common verdict." The judge thereupon recessed the jury for the evening, instructing them to return the following morning.

When the jurors reconvened at 9:00 a.m. on March 2, the court gave them a modified *Allen* charge. After approximately 30 minutes of further deliberations, the jury requested that a portion of the victim's testimony be read to them and that several of the court's charges be repeated. After this was done, they deliberated approximately two more hours, whereupon they requested a recharge on the definition of rape. The court complied with this request, and again they retired to resume their deliberations. At this time, defense counsel moved for a mistrial on the ground that the jury was hopelessly deadlocked. The trial court denied the motion, stating: "Well, I think they've indicated from their questions and their requests for some of the evidence and some of the law to be repeated, that they are still debating what the verdict should be in this case and may be making some progress toward reaching a verdict. So I'm going to deny the motion at this time." The jury returned its verdict approximately 50 minutes later. The individual jurors were then polled at the appellant's request, and each affirmed that he or she had agreed to the verdict freely and voluntarily.

In support of his contention that the motion for mistrial should have been granted, the appellant argues that by the time the jury notified the court, at the conclusion of their deliberations on March 1, that they saw no possibility of reaching a common verdict, they had already deliberated for more time than it had taken to try the case. However, we do not see this as being dispositive of the issue of whether the trial court was required to declare a mistrial at that time, particularly in view of the fact that no motion for mistrial was made

until the middle of the next day. There being no indication that the jurors considered themselves deadlocked at the time the motion for mistrial was made, nor any suggestion that they were coerced due to the length or circumstances of their deliberations into reaching a compromise verdict which did not reflect an exercise of free will on the part of each individual juror, we hold that the trial court did not abuse its discretion in denying the motion for mistrial. Accord *Watson v. State*, 178 Ga. App. 778, 782 (7) (344 SE2d 667) (1986). See generally *Thornton v. State*, 145 Ga. App. 793 (245 SE2d 22) (1978).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 5, 1989.

William C. Puckett, Jr., for appellant.

Robert E. Wilson, District Attorney, John H. Petrey, Eleni A. Pryles, Assistant District Attorneys, for appellee.