A90A0245. SMITH v. THE STATE.
(394 SE2d 558)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of reckless endangerment, following too closely, and two counts of simple assault. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's verdicts of guilt.

1. The trial court's purported overruling of a motion to suppress the victims' identification testimony is enumerated as error.

The record reveals that appellant's motion was not denied. Instead, the trial court, in the proper exercise of its discretion, merely refused to conduct a *pre-trial* hearing and held that the issue of the admissibility of the victims' testimony should be raised during the trial itself. *Day v. State,* 237 Ga. 538, 541 (3a) (228 SE2d 913) (1976). See also *State v. Johnston,* 249 Ga. 413 (291 SE2d 543) (1982). During the trial, appellant never requested that a preliminary hearing be conducted before the victims testified and identified him as the perpetrator. No ruling by the trial court on the admissibility of the victims' identification testimony ever having been properly invoked, this enumeration presents nothing for review.

2. Appellant filed a motion in limine, seeking, in effect, to prevent the State's witnesses from testifying that they had seen a gun in appellant's possession at the time of the alleged offenses. The State's

witnesses were obviously entitled to testify to what they had themselves observed and the denial of the motion in limine was clearly not error.

3. A communication between a witness and a spectator is not a violation of the rule of sequestration, and appellant's motion for mistrial, which was predicated upon the alleged occurrence of such a communication, was properly denied. *Burroughs v. State*, 186 Ga. App. 40, 42 (5) (366 SE2d 378) (1988).

4. Although the denial of appellant's motion for a directed verdict of acquittal is enumerated as error, the evidence was sufficient to authorize a finding of appellant's guilt under the standard established by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See generally *Lee v. State*, 247 Ga. 411, 412 (6) (276 SE2d 590) (1981).

5. The State's failure to call one of its witnesses who had been listed on the indictment affords appellant no ground for new trial. "The law does not require State's counsel to introduce as witnesses all whose names appear on the indictment. . . ." *Lucear v. State*, 221 Ga. 572, 573 (3) (146 SE2d 316) (1965).

*Judgments affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED MAY 1, 1990 —
REHEARING DENIED MAY 16, 1990.

*Wayne L. Burnaine*, for appellant.
*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.