A91A1432. MARTIN v. THE STATE.
(411 SE2d 788)

Judge Arnold Shulman.

The appellant was convicted of selling cocaine in violation of the Georgia Controlled Substances Act. He brings this appeal from the denial of his motion for new trial.

State's witness Catherine Christensen testified that while employed as an undercover narcotics agent for the Georgia Bureau of Investigation (GBI), she drove to a Chevron station in the company of a confidential informant and listened while the informant placed a telephone call to a Tommy Swafford and told him "he had a girl that wanted to purchase an amount of cocaine from him. . . ." She stated that Swafford arrived at the service station shortly thereafter in a pickup truck being driven by another man whose identity was at that time unknown to her but whom she positively identified at trial as the appellant. She testified that she recorded the tag number of the pickup truck and purchased a quantity of cocaine from Swafford in the appellant's presence. Subsequently, while waiting in the Walker County Courthouse to testify before the Grand Jury in connection with the charges arising from this transaction, she observed the appellant, whose identity was still unknown to her at the time, enter the room and sit down near her. She testified that there were "many people walking around to present things and just in general [doing] business at the courthouse . . . ," but that she immediately recognized the appellant as the person who had driven the pickup truck at the time of the transaction.

Subsequent to the sale, but prior to Christensen's identification of the appellant outside the Grand Jury room, the state instituted condemnation proceedings against the pickup truck whose tag number she had recorded, and the appellant was named as the titleholder of the vehicle in connection with those proceedings. According to Assistant District Attorney Ronald Adams, who represented the state during most of the trial of the present case, the appellant telephoned his office after the vehicle was seized in connection with those proceedings and angrily told him that he "didn't know anything about any cocaine sale, . . . that there was some mistake of some kind, and that he wanted to have his vehicle returned." Adams testified that he asked the appellant at this time if he would be willing to participate in a lineup to determine whether Christensen could identify him as the person who had been with Swafford when the transaction took place and that the appellant responded "that a lineup was not necessary, that he would willingly meet with the agent one-on-one, and that she would have a full opportunity to view him in any manner that she wished."

1. Prior to trial, the appellant filed a motion to suppress Christensen's identification testimony on the ground that the circumstances surrounding her identification of him outside the Grand Jury room had given rise to a substantial likelihood of irreparable mistaken identification; and he enumerates as error the court's refusal to conduct a hearing on this motion. However, it has repeatedly been held that the trial court is not required to entertain a pre-trial motion

to suppress identification testimony. See *Day v. State*, 237 Ga. 538, 541 (3) (a) (228 SE2d 913) (1976); *Smith v. State*, 195 Ga. App. 669 (1) (394 SE2d 558) (1990); *Goswick v. State*, 150 Ga. App. 279 (1), 280 (257 SE2d 303) (1979). Consequently, this enumeration of error is without merit. We note that the appellant did not object to the admission of the agent's identification testimony during the trial itself and that he has not argued on appeal the merits of his contention that the identification was tainted by improperly suggestive pre-trial identification procedures.

2. The appellant contends that the trial court erred in allowing Assistant District Attorney Adams, who had acted as counsel for the state during the presentation of its case, to take the stand to testify against him as a rebuttal witness. After the state had rested and after the appellant had testified on direct examination in his own defense, the district attorney informed the court that the state intended to call Adams as a rebuttal witness in connection with certain testimony the appellant had offered with regard to the content of their pre-trial conversations. The appellant's counsel objected, asserting that he had told Adams during the week prior to trial that he (Adams) "potentially was a witness in this case" and further contending that it was "obvious in this set of circumstances that he had notice of that or should have had notice of that, even without me telling him." Adams denied having received such notice from defense counsel and asserted that he "had no idea [the appellant] was going to take the stand." The trial judge ruled that Adams would be allowed to testify, and the district attorney took over as counsel for the state for the remainder of the trial.

We find no error. While Adams may have known there was a possibility the appellant would testify regarding their pre-trial discussions, there is nothing in the record which would indicate that he had received notice that the appellant in fact intended to do so. The appellant alone had knowledge of his actual intentions in this regard, yet he raised no objection to Adams' role as counsel for the state until after the state had presented its case and after he (the appellant) had testified on direct examination. "It has been held that permitting a prosecuting attorney to testify as a rebuttal witness is within the discretion of the trial judge. [Cits.] The prosecutor in the instant case testified in rebuttal only for impeachment purposes as to [the content of the discussions between himself and the appellant]. In view of the facts and circumstances, we do not find that the trial court erred in allowing the prosecutor to testify." *Timberlake v. State*, 246 Ga. 488, 501 (7) (271 SE2d 792) (1980).

*Judgment affirmed. Carley, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 25, 1991.

*McCracken K. Poston, Jr.*, for appellant.
*Ralph L. Van Pelt, Jr.*, District Attorney, *Michael R. McCarthy*, Assistant District Attorney, for appellee.