## A91A1638. JONES v. THE STATE.
### (415 SE2d 64)

POPE, Judge.

Defendant was indicted for the rape and aggravated sodomy of his step-daughter and convicted by a jury of both offenses. He appeals his convictions and the denial of his motion for new trial, raising six enumerations of error.

The trial commenced on January 30, 1990, and concluded the afternoon of January 31, in time for the jury to deliberate close to two hours before being excused for the day. The jurors resumed deliberation on February 1 at 9:00 a.m. and at 11:38 a.m. were called into the courtroom for questioning as to the status of their deliberations. In response to the trial court's instruction to the foreperson to give the vote of the jury by numerical count only, the foreperson responded: "The jury stands six guilty, six not-guilty." The trial court then queried whether there was any reason to believe that the jury might move in either direction. The foreperson replied: "That's not a fair question." The trial court then gave the jury an *Allen* or "dynamite" charge, and the jury resumed deliberation. At approximately 1:00 p.m. the jury was called back for further questioning, and the foreperson was asked: "This one can be answered either yes or no, has there been any movement?" Upon receiving an affirmative response, the trial court inquired as to how many had moved, and the foreperson replied nonresponsively: "Ten guilty." The jury was sent back to resume deliberations and a guilty verdict was returned at 2:20 p.m.

1. Defendant first argues the trial court erred in giving the jury an *Allen* charge and sending the jury back for further deliberation, after the foreperson indicated the jury stood six guilty/six not-guilty. "The decision of whether to give a jury in disagreement the '*Allen*' charge is generally left in the discretion of the trial judge. [Cits.]" *Thornton v. State*, 145 Ga. App. 793, 794 (245 SE2d 22) (1978). See also *Barnes v. State*, 245 Ga. 609 (5) (266 SE2d 212) (1980). It appearing in this instance that the jury had deliberated no more than five hours and had not yet indicated that they were hopelessly deadlocked, we find no abuse of discretion in the trial court's refusal to declare a mistrial and decision to proceed with the *Allen* charge. *Thornton*, supra at 795.

2. Defendant next argues the trial court erred in failing to give curative instructions to the jury after the foreperson responded to the trial court's request for a numerical division of jurors by indicating the number of jurors in favor of conviction had moved from six to ten.

"If the court simply seeks to know the numerical division in order to determine some matter for the convenience of the jury or the parties, and the statement as to the number voting guilty or innocent is volunteered by a juror, it has been held that, absent other factors suggestive of prejudicial result, reversal is not mandatory. [Cits.]" *Huffaker v. State*, 119 Ga. App. 742, 743 (2) (168 SE2d 895) (1969). Defendant having failed to show how he could have been prejudiced by the volunteered information, we hold this enumeration to be without merit. See *Tanner v. State*, 242 Ga. 437 (2) (249 SE2d 238) (1978).

3. Defendant also argues the trial court committed reversible error the second time the jury was brought back to the courtroom for questioning as to the status of their deliberations. Defendant contends the trial court should have first inquired whether the jury believed additional time would be helpful in reaching a verdict before sending them back a third time for deliberation. We disagree. By virtue of the jury's movement from six to ten in favor of conviction within the one-hour period since the *Allen* charge was given, the trial judge was warranted in assuming that additional deliberation time might be helpful in reaching a verdict. See *Holt v. State*, 192 Ga. App. 708 (2) (385 SE2d 787) (1989). Accordingly, this enumeration is without merit.

4. Defendant argues the trial court erred in ruling the State's witness, Dr. Francis Elizabeth Kemp, was properly qualified as an expert and allowing her to testify that in her opinion the victim showed physical signs of trauma consistent with forcible intrusion in the anus and vaginal area.

Prior to her expert testimony, Dr. Kemp testified she had been a physician for eight years, was licensed to practice in both California and Kentucky, had made close to 50 pelvic examinations during her experience as a physician, had performed approximately 25 examinations of possible rape victims at Grady Hospital, and was a resident in pediatrics at Emory University at the time she conducted the physical examination of the victim at Grady Hospital.

"Whether a person possesses the qualification as an expert witness rests entirely in the sound discretion of the judge . . . The decision of the judge will not usually be overturned unless the witness actually lacks appropriate credentials or the judge has applied the wrong criteria. [Cit.]" (Punctuation omitted.) *Hunter v. State*, 192 Ga. App. 675, 676 (2) (385 SE2d 764) (1989). See also *Hicks v. State*, 157 Ga. App. 79 (2) (276 SE2d 129) (1981). We find Dr. Kemp's qualifications were appropriate and adequate, and her testimony to be well within the scope of her expertise. Thus, there was no abuse of discretion in the present case.

5. Defendant next contends the trial court erred in admitting into evidence a copy of a life insurance policy showing defendant pur-

chased a policy insuring the lives of the victim's mother, victim's sister and victim (his wife and two step-daughters) in the respective amounts of $100,000, $10,000 and $10,000 and naming himself as primary beneficiary. The State sought to introduce the policy to corroborate the victim's testimony that defendant had coerced her to submit to his sexual assault by threatening to kill her and her family and collect the life insurance proceeds. These threats included the exact limits of the insurance policy.

"Admissibility of evidence is a matter which rests largely within the sound discretion of the trial court, and if an item of evidence has a tendency to help establish a fact in issue, that is sufficient to make it relevant and admissible. [Cit.] Evidence of doubtful relevancy or competency should be admitted and its weight left to the jurors. [Cit.]" *Lewis v. State*, 158 Ga. App. 586, 587 (1) (281 SE2d 331) (1981). We find no abuse of the trial court's discretion in the admission of the insurance policy in this instance.

We also note that earlier in the trial, the victim testified without objection concerning the defendant's threats to kill her family and collect the proceeds from the policy. Thus, " 'even assuming error, it would be harmless inasmuch as the [policy] was merely cumulative of other evidence properly before the jury. (Cits.)' [Cits.]" *Deal v. State*, 199 Ga. App. 184, 188 (4) (404 SE2d 343) (1991). See also *Brinson v. State*, 191 Ga. App. 151 (2) (381 SE2d 292) (1989).

6. Finally, defendant argues the trial court erred in admitting into evidence the testimony of the victim's mother that after she confronted the defendant with her daughter's rape and sodomy allegations, the defendant left the home, returned with a shotgun, packed his belongings, and left for Arkansas. The State sought to admit this evidence to show defendant's inculpatory reaction to the victim's accusations. We find this testimony to be relevant and find no abuse of the trial court's discretion. See *Lewis v. State*, supra.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JANUARY 31, 1992.

*Warren A. Sellers*, for appellant.
*Robert E. Keller, District Attorney, Gregory K. Hecht, Assistant District Attorney*, for appellee.