A92A1206. HUG v. THE STATE.
(423 SE2d 700)

JOHNSON, Judge.

Donald F. Hug was indicted on two counts of aggravated assault and one count of burglary. A jury returned a verdict of guilty but mentally ill as to both of the aggravated assault counts and a verdict of guilty as to the burglary count. The trial court sentenced Hug to serve consecutive terms of 20 years in confinement on each of the aggravated assault counts and to serve 20 years on probation for the burglary, concurrent to one of the aggravated assault counts. Hug appeals, challenging his sentences on the aggravated assault counts and the trial court's denial of his motion for a directed verdict of acquittal as to the burglary. We affirm.

1. Hug contends that he should not have been sentenced on both counts of aggravated assault because the offenses merged. One count charged Hug with shooting the victim with a pistol and the other count charged him with hitting her on the head with an object likely

to cause serious bodily injury. Hug relies on *Davis v. State*, 186 Ga. App. 491 (2) (367 SE2d 884) (1988), in which a series of shots fired by the defendant while chasing the victim was held to be a continuous and uninterrupted act. The evidence in the instant case, however, did not show a continuous, uninterrupted act. The evidence showed that Hug entered the victim's home, ordered her to lie face down on the floor, sat on her back and hit her in the head with a blunt object, probably a hammer he admitted taking to the victim's home. The victim then ran to her kitchen, where Hug shot her in the chest as she attempted to either activate her burglar alarm or phone for help. The act of assaulting the victim with the hammer was completed before the shooting occurred. "The crimes charged here were completed one after the other, but are separate and distinct. Although occurring sequentially, one after the other, each of these transactions constituted a separate offense since each was established by proof of different facts; i.e., each offense was a completed crime when the next was perpetrated upon the victim. Under the circumstances of this case, the same conduct is not being punished twice nor is one act included in the other so as to proscribe the separate conviction and punishment for each act." (Citations and punctuation omitted.) *Butler v. State*, 194 Ga. App. 895, 896-897 (1) (392 SE2d 324) (1990). See *Moore v. State*, 190 Ga. App. 278, 281 (2) (378 SE2d 880) (1989). Accordingly, we find no error in the trial court's sentence.

2. Hug complains that the trial court erred in denying his motion for a directed verdict of acquittal on the charge of burglary because there was insufficient evidence that he lacked authority to enter the victim's condominium unit. " 'The standard of review for the denial of a motion for a directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction. (Cit.)' [Cit.]" *Johnson v. State*, 201 Ga. App. 88, 89 (1) (410 SE2d 189) (1991). Here, the evidence showed that the victim had given Hug a key to her condominium unit. The victim, however, changed the locks to her residence because of personal problems she had with Hug. She did not give Hug a key to her new locks. Thereafter, several items were stolen from the victim's home and she suspected Hug of taking them. The victim testified that when she accused Hug of the theft, he admitted taking the items and he admitted having a copy of her new condominium key made without her permission. Reviewing the evidence in the light most favorable to the trial court's denial of Hug's motion and the jury's verdict, we find that a rational trier of fact could have found Hug guilty beyond a reasonable doubt of burglary. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED OCTOBER 7, 1992.

Bruce S. Harvey, Robert G. Rubin, for appellant.
Thomas J. Charron, District Attorney, Benjamin F. Smith, Jr., Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys, for appellee.