## A93A1444. STEWART v. THE STATE.
(436 SE2d 679)

BLACKBURN, Judge.

On March 1, 1991, a six-count indictment was returned against Larry Neal Stewart, appellant. After a trial on the charges brought in the indictment, the jury found Stewart guilty of child molestation, statutory rape, and aggravated child molestation; not guilty of sodomy and aggravated molestation; and a mistrial was declared with regard to the rape count. Stewart appeals his conviction alleging 13 enumerations of error.

1. In his first enumeration of error, Stewart contends that the trial court erred by conducting voir dire of a juror outside of Stewart's presence. The record reveals that it became necessary to conduct an additional voir dire of the members of the jury in order to determine whether any of them had been confronted by the victim's father between the time they were selected as a member of the jury and the date of trial.[1] After the trial judge questioned the jury panel generally with regard to the victim's father, one juror indicated that he had been approached by the victim's father; however, as soon as the juror realized who he was talking to, he terminated the conversation. The juror indicated that the victim's father neither expressed an opinion as to the guilt or innocence of Stewart nor made any statement regarding sentencing. The trial judge suggested, in Stewart's presence, that the juror be questioned in chambers and that if anything "noteworthy" transpired during questioning, it could be put on the record at that time.

A defendant's right to be present during all phases of the trial is guaranteed by our constitution and counsel's ability to waive it is limited. *Wilson v. State*, 212 Ga. 73, 78 (90 SE2d 557) (1955); *Fictum v. State*, 188 Ga. App. 348, 349 (373 SE2d 54) (1988). However, such right can be waived where done so by his attorney in the defendant's presence, by the defendant's express authority, or by subsequent acquiescence of the defendant. Id. In the present case, it is uncontroverted that the conduct of the voir dire of the juror in the trial judge's chambers was agreed to by Stewart's counsel in Stewart's presence without objection. Such conduct waives defendant's right to be present during voir dire. *Williamson v. State*, 207 Ga. App. 565, 566-567 (428 SE2d 628) (1993). Furthermore, if the conduct of the voir dire was error, it was not preserved by Stewart or his counsel and defendant cannot raise this issue for the first time on appeal. *McKenzie v. State*, 188 Ga. App. 571, 573 (373 SE2d 830) (1988).

2. In Stewart's second enumeration of error, he contends that the

---

[1] The jury was selected on September 16, 1991, and the trial began on November 4, 1991.

trial court erred in allowing the jury to consider evidence of and convict him for a crime which occurred beyond the applicable four-year statute of limitation. Stewart was not tried or convicted of any crime committed beyond the dates set forth in the indictment. Stewart was the first to introduce evidence of previous allegations of sexual molestation in 1987 and the State objected to the relevance of such evidence, which objection was overruled. The trial court allowed Stewart's counsel to introduce evidence regarding the 1987 allegations and investigation as Stewart contended same was relevant to his defense. Stewart cannot object to the introduction of evidence which was admitted over the State's objection. In any event, Stewart failed to preserve this issue for appellate review. *Price v. State*, 204 Ga. App. 288 (1) (419 SE2d 126) (1992).

3. Stewart next complains that the trial court erred in failing to allow him to view the videotape of an interview with the victim and in failing to exercise the proper discretion regarding production of exculpatory content contained on the videotape. Prior to trial, Stewart requested that the trial judge conduct an in camera inspection, pursuant to *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), of the Pike County Department of Family & Children Services' file and the Stewart County Department of Family & Children Services' file. The trial court indicated that it had conducted an in camera inspection of the files and the videotape and had provided Stewart with everything that was arguably favorable to his defense. The court noted that it found nothing exculpatory on the tape and declined to require its production.

This issue is controlled by *Boatright v. State*, 192 Ga. App. 112, 113 (385 SE2d 298) (1989), in which we reiterated that under Georgia law, a defendant in a criminal case is not generally entitled to statements made by prosecution witnesses prior to trial. The record indicates that the trial court's inspection of the videotape and files satisfied the requirements of *Brady* and its progeny. Stewart's reliance on *Fields v. State*, 260 Ga. 331, 335 (393 SE2d 252) (1990), is misplaced. The *Fields* decision did not create an exception to *Brady*, but merely indicated that under the circumstances therein, the videotape should be produced to the defendant upon remand. The facts of the case sub judice are distinguishable in that the trial court conducted an in camera inspection of the videotape and determined that nothing exculpatory or arguably favorable to Stewart was contained on the videotape. Our review of the tape indicates that the trial court's assessment was correct. "Further, [Stewart] has failed to carry his burden to show either that any type of *Brady* violation occurred, . . . or, that assuming error had occurred, he was prejudiced thereby. [Cits.] Accordingly, this enumeration of error is without merit." *Boatright*, 192 Ga. App. at 114.

4. In his fourth enumeration of error, Stewart alleges that the trial court erred by admitting evidence of an oral statement made by him after he refused to sign a *Miranda* waiver form. During the *Jackson-Denno* hearing, the arresting officer testified that after he advised Stewart of his rights, Stewart appeared "numb." The arresting officer testified that when he asked Stewart if Stewart understood the charges, Stewart responded, "I'm going to jail for a long time. I thought this was over with now," a non-responsive answer which the officer did not induce.

The trial court determined that Stewart's statement was voluntarily made and that the police officer's question was not the kind of interrogation that is prohibited by *Miranda* and its progeny. We agree. See *Shy v. State*, 234 Ga. 816, 822 (218 SE2d 599) (1975).

5. Stewart complains that the trial court erred by giving an *Allen* charge at an early stage in the jury's deliberations. It is uncontroverted that the jury had been deliberating six hours prior to the *Allen* charge. Furthermore, the trial court determined that the jury had contemplated and established a division of opinion on each count in the indictment. It is within the trial court's discretion whether to give an *Allen* charge to a jury in disagreement. *Jones v. State*, 202 Ga. App. 642 (415 SE2d 64) (1992) (*Allen* charge was approved after deliberation of only four-and-one-half hours). Furthermore, the decision to give an *Allen* charge does not require a finding that the jury is deadlocked. *Concepcion v. State*, 200 Ga. App. 358, 360 (408 SE2d 130) (1991) (*Allen* charge given after only two hours). Therefore, under the facts of this case, we find no abuse of discretion with regard to the trial court's decision to give an *Allen* charge.

6. Stewart next contends that the trial court erred in granting the State's motion in limine thereby excluding expert testimony on the Sexual Abuse Allegation in Divorce Syndrome. After a hearing on the State's motion in which testimony regarding the syndrome was heard, the trial court determined that the facts of the case did not warrant any testimony on the syndrome, that the syndrome had not been validated completely by the scientific community, and that the syndrome was not beyond the ken of the average juror. See *Collar v. State*, 206 Ga. App. 448 (426 SE2d 43) (1992). Therefore, the trial court followed the approved approach for determining whether a given scientific principle may be verified with such certainty as to become competent evidence, as set out by the Georgia Supreme Court in *Harper v. State*, 249 Ga. 519, 525 (292 SE2d 389) (1982). Furthermore, Stewart was allowed to argue his theory to the jury; the trial court merely disallowed expert testimony concerning it. As the admission of evidence rests within the trial court's sole discretion, we find that the trial court did not abuse its discretion by granting the State's motion in limine.

7. In his seventh enumeration of error, Stewart contends that the trial court erred, even in the absence of an objection, by instructing defendant's expert to modify his testimony from the specific wording of the expert's report. Stewart's expert was a clinical psychologist who evaluated Stewart in connection with allegations of sexual molestation of the victim made in 1987. In the psychologist's report, he indicated that he found no tests, interview, or observation findings which would lead him to believe that Stewart was sexually, psychologically, or physically abusive toward the victim. The trial court cautioned the psychologist that he should not give the jury the impression that based on his tests, Stewart was not a child molester. The court indicated that the expert could testify in terms of whether his findings were consistent with those he would expect from a child molester. As no objection was made to the trial court's instructions regarding the psychologist's testimony on the ultimate issue, Stewart waived his right to allege error. *Bowen v. State*, 203 Ga. App. 371, 373 (417 SE2d 18) (1992).

8. Stewart next alleges that the introduction of evidence of prior similar transactions, in absence of the required notice by the State, was error. This enumeration deals with evidence of the 1987 allegations of sexual molestation of the victim which Stewart introduced and to which no objection, other than the State's, was made. Therefore, this enumeration is without merit. See also our discussion in Division 2.

9. In his ninth enumeration of error, Stewart contends that the trial court erred in failing to grant his motion for directed verdict. "A directed verdict of acquittal is authorized only where there is *no* evidence to support a verdict to the contrary." (Citations and punctuation omitted.) *Morris v. State*, 205 Ga. App. 650 (423 SE2d 54) (1992). "The standard of review for the denial of a motion for a directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction." (Citations and punctuation omitted.) *Hug v. State*, 205 Ga. App. 746, 747 (423 SE2d 700) (1992). Viewing the evidence in the light most favorable to the verdict, we find that there was sufficient evidence for the jury to find Stewart guilty beyond a reasonable doubt of child molestation, statutory rape, and aggravated child molestation. Therefore, this enumeration is without merit.

10. Stewart asserts that the trial court erred by failing to allow him to introduce a videotape of a family outing to show that the victim was not afraid of him and that the victim called him "Daddy" rather than Larry. However, it is uncontroverted that, at least, four witnesses testified from personal observation that the victim was not afraid of Stewart and that the victim called Stewart "Daddy." Therefore, the evidence that Stewart sought to introduce was cumulative.

The admissibility of evidence is within the sound discretion of the trial judge and in view of the cumulative nature of the excluded evidence, any error in excluding same was harmless.

11. Stewart contends that the trial court erred in improperly charging the jury as to the offense of rape. However, Stewart does not support this enumeration with citations of authority or legal argument and it is therefore deemed abandoned as required by Court of Appeals Rule 15 (c). See also *Keith v. State*, 204 Ga. App. 404, 405 (419 SE2d 491) (1992). Furthermore, our review of the trial court's charge on rape did not reveal any error.

12. The trial court's recharge to the jury regarding crimes committed within seven years of the indictment is enumerated as error. After some deliberation, the jury foreperson indicated that the jury questioned whether they were allowed to consider the alleged sodomy that took place in 1987 on the sodomy charge in the present indictment. The trial court then recharged the jury regarding the State's burden of proving that Stewart, "on the date alleged in the indictment or within seven years prior to the time the indictment was returned," committed the crimes as alleged in the indictment. As the applicable statute of limitation was seven years, this was a correct charge. OCGA § 17-3-1.

Stewart argues that because evidence of sexual allegations made in 1987 was introduced, the trial court's charge attempted to apply the July 1, 1987, amendment to the statute of limitation in an ex post facto manner. Ga. L. 1987, p. 330, § 1. The statute of limitation prior to the amendment was four years, rather than seven years. However, it is uncontroverted that the allegations contained in the indictment did not include any crimes committed prior to May 1, 1989. Therefore, Stewart's attempt to assert error due to his own introduction of evidence regarding the 1987 sexual molestation allegations is without merit. See Division 2.

13. In his final enumeration of error, Stewart asserts that the trial court erred by denying him "a substantive and procedurally fair trial as is constitutionally his right." However, Stewart did not raise any constitutional issues at the trial court and, therefore, he did not preserve any constitutional issues for appellate review. See *Miller v. State*, 208 Ga. App. 547 (430 SE2d 873) (1993) and *Cox v. State*, 205 Ga. App. 375, 376 (422 SE2d 68) (1992).

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 22, 1993 —
RECONSIDERATION DENIED OCTOBER 6, 1993

*Alexander J. Repasky*, for appellant.

*Johnnie L. Caldwell, Jr., District Attorney, Randall K. Coggin, Assistant District Attorney*, for appellee.