A94A2722. MOORE v. THE STATE.
(451 SE2d 534)

BIRDSONG, Presiding Judge.

Gary Nathaniel Moore appeals his conviction of habitual felon and violation of the Georgia Controlled Substances Act by unlawfully selling cocaine. *Held*:

1. Appellant asserts the trial court erred by denying without a hearing appellant's pretrial motion to suppress identification testimony. This issue is controlled by *Smith v. State*, 195 Ga. App. 669 (1) (394 SE2d 558); moreover, "it has repeatedly been held that the trial court is not required to entertain a pre-trial motion to suppress identification testimony." *Martin v. State*, 201 Ga. App. 643 (1) (411 SE2d 788). Appellant's first enumeration is without merit.

2. Appellant contends the trial court erred in denying his motion for directed verdict based on "the motion to suppress identification

testimony." As a general rule, "a motion for directed verdict in a criminal trial should only be granted where there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law." *Taylor v. State*, 252 Ga. 125 (1) (312 SE2d 311). The trial court did not err in denying the motion for a pretrial suppression hearing. See Division 1 above. At the commencement of trial and in response to an inquiry by appellant's counsel, the trial court ruled that appellant could re-assert his motion to suppress identification testimony during the course of the trial. Thereafter, appellant elected not to object to the identification testimony of the police officers or otherwise to re-assert timely his motion to suppress such testimony. "No ruling by the trial court on the admissibility of the [officers'] identification testimony ever having been properly invoked, this enumeration presents nothing for review." *Smith*, supra. Also, all evidence is admitted as a matter of course unless a valid ground of objection is timely interposed. *Scott v. State*, 206 Ga. App. 23, 26 (1) (424 SE2d 328). Appellant by his trial procedure and strategy aided in the admission of the identification testimony at issue. See generally *Williams v. State*, 205 Ga. App. 445, 446 (2) (422 SE2d 309). For each of these reasons, appellant's second enumeration is without merit.

3. Trial of the case took only approximately three-and-one-half hours; the jury was not confronted with conflicting expert testimony as to scientific matters, but was primarily confronted with important questions necessitating commonsense resolution of witness credibility and allocation of weight to various evidence. After deliberating approximately one hour and forty-five minutes, the jury was returned to the courtroom and the jury foreman reported a 10 to 2 jury deliberation vote — whereupon the trial court gave the jury an *Allen* charge; appellant posed a timely objection to the charge. Approximately 45 minutes later the jury returned a guilty verdict. Appellant contends that the trial court erred in giving the *Allen* charge. While the trial court did not inquire whether the jury was making progress in its deliberation before giving the charge, it was ascertained that the jury had not yet reached a verdict and the trial court was informed that the jury was in disagreement by its vote of 10 to 2; further, the trial court was not informed as to which way the votes had been cast. Examination of the *Allen* charge on its four corners reveals that the trial court did not suggest a particular verdict or even require that a verdict be reached by this particular jury. Rather the jury was encouraged to return to the jury room for a reasonable time and to examine their differences in the spirit of fairness and candor in order to "try to arrive at a verdict." Additionally, the court expressly informed the jury that it was "not in any way bringing any pressure on any of [the jury members] to give up any conscientious opinion that [they] have." On balance we do not find this particular charge coercive. We

recognize the press of time that a busy court docket can create; however, the right to a fair trial must remain the paramount concern at all times and in all cases. A trial court should not elect too quickly to give an *Allen* charge, especially, when to do so, it would be compelled to call the jury from the deliberation room before the jury reported a need for additional guidance. Nevertheless it is the trial court's responsibility to control, in the furtherance of justice, the conduct of all persons connected with a judicial proceeding before it and in every matter appertaining thereto. OCGA § 15-1-3 (4). "It is within the trial court's discretion whether to give an *Allen* charge to a jury in disagreement. . . . Furthermore, the decision to give an *Allen* charge does not require a finding that the jury is deadlocked." *Stewart v. State*, 210 Ga. App. 474, 476 (5) (436 SE2d 679). The circumstances of this case are clearly distinguishable from the coercive atmosphere found to exist in *McMillan v. State*, 253 Ga. 520 (322 SE2d 278). Under the facts of the case at bar, we find no abuse of discretion by the trial court in electing to give the particular *Allen* charge at issue. Compare *Jones v. State*, 202 Ga. App. 642 (1) (415 SE2d 64). Appellant's fourth enumeration of error is without merit.

4. Appellant asserts that the trial court erred in denying his motion for directed verdict based on a claim of insufficiency of the evidence. The test established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) "is the proper test for us to use when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence." *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436). Review has not revealed the existence of any legal errors, as enumerated, which harmed appellant. See Divisions 1 through 3 above. The police officers identified appellant as the person who sold them three pieces of a compressed substance which subsequent laboratory testing revealed contained cocaine. Review of the transcript in a light most favorable to the jury's verdict reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offense of selling cocaine of which convicted. *Jackson v. Virginia*, supra. Appellant's third enumeration of error is without merit.

*Judgment affirmed. Blackburn and Ruffin, JJ., concur.*

DECIDED DECEMBER 13, 1994.

*Michael R. McCarthy*, for appellant.
*Jack O. Partain III*, District Attorney, *Albert H. Tester*, Assis-

*tant District Attorney,* for appellee.