S12A0843. McBRIDE v. THE STATE.
(732 SE2d 757)

MELTON, Justice.

Following a jury trial, Tinos Santana McBride was found guilty of malice murder and various other offenses in connection with the shooting death of Jessie Strickland.[1] On appeal, McBride contends

---

[1] On April 18, 2006, McBride was indicted for malice murder, felony murder (aggravated assault), aggravated assault, and possession of a firearm during the commission of a crime. Following a June 5, 2007 jury trial, McBride was found guilty on all charges except for felony murder. On June 6, 2007, McBride was sentenced to life in prison for murder, ten consecutive years for aggravated assault, and five consecutive years for possession of a firearm during the commission of a crime. McBride filed a motion for new trial on June 7, 2007, and his motion was denied on March 17, 2010. McBride filed a timely notice of appeal on April 8, 2010, and, after paying appeal costs on January 27, 2012, his appeal was docketed in this Court to the April 2012 term and submitted for decision on the briefs.

that the trial court erred by denying his motion to suppress and by prohibiting him from introducing certain evidence at trial. We affirm.

1. Viewed in the light most favorable to the jury's verdict, the evidence reveals that, on November 14, 2005, Strickland attempted to get into his car when McBride approached him from behind and shot him in the head. Upon being shot, Strickland exclaimed "no, man," and fell down between two cars. After that, McBride "ran over" to Strickland, shot him two more times, and ran away. Strickland died from the gunshot wounds. Several eyewitnesses identified McBride as the shooter.

The evidence was sufficient to enable a rational trier of fact to find McBride guilty of all of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. McBride contends that the trial court erred in denying his motion to suppress identification evidence at trial because one of the witnesses who identified him did so through a photographic lineup that was based on an impermissibly suggestive procedure. Specifically, McBride asserts that, because the witness claimed to have seen McBride's picture in the newspaper before she saw the photographic lineup, and because the only picture in the lineup that resembled the picture in the newspaper was the photo of McBride, the identification procedure was impermissibly suggestive. McBride is incorrect.

As an initial matter, there is no evidence that the police had anything to do with McBride's photo being published in the newspaper. In this connection, because any issue regarding "the suggestiveness of an identification procedure used by police . . . applies only to state action," the mere fact that McBride's picture appeared in a newspaper does not support his claim that the identification procedure used by police was impermissibly suggestive. *Semple v. State*, 271 Ga. 416, 417 (2) (519 SE2d 912) (1999) citing *Neil v. Biggers*, 409 U. S. 188, 199 (93 SC 375, 34 LE2d 401) (1972).

Moreover, even if the procedure used by police could somehow be interpreted as having been impermissibly suggestive, the trial court still did not err in denying McBride's motion to suppress.

In such a case, the question is whether there was a very substantial likelihood of irreparable misidentification. *Gravitt v. State*, 239 Ga. 709, 710 (4) (239 SE2d 149) (1977). Factors to be considered in answering that inquiry include: (1) the witness's opportunity to view the accused at the time of the crime; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the accused; (4) the witness's level of certainty at the confrontation with the

accused; and (5) the length of time between the crime and the confrontation. *Thomason v. State*, 268 Ga. 298, 303-304 (3) (486 SE2d 861) (1997). The ultimate question is, whether under the totality of the circumstances, the identification is reliable. *Neil v. Biggers*, supra at 199; *Messer v. State*, 247 Ga. 316, 321 (3) (276 SE2d 15) (1981).

*Semple*, supra at 418 (2).

Here, the witness had ample opportunity to observe McBride before the murder; saw him during daylight hours; indicated that she got a good look at the shooter; and provided a description of him to police that matched the descriptions of other witnesses. The trial court did not err in denying the motion to suppress. See *Semple*, supra.

3. McBride asserts that the trial court erred by excluding evidence at trial which showed that the victim may have been smoking marijuana or may have been involved in the distribution of marijuana prior to the shooting. However,

> [g]enerally, a murder victim's character is irrelevant and, thus, inadmissible. [Cit.] Evidence that impugns a victim's character cannot be admitted unless it has some factual nexus with the conclusion for which it is being offered. [Cits.] Sheer speculation is insufficient. Otherwise, character evidence would be admitted routinely, disguised as relevant to whatever speculative theory the proponent managed to put forth.

*Roseberry v. State*, 274 Ga. 301, 303 (2) (553 SE2d 589) (2001).

Here, there is no evidence, besides sheer speculation on McBride's part, of any connection between the victim's purported drug use or alleged involvement in drug activity and McBride's shooting of him from behind. The trial court did not abuse its discretion in excluding evidence of the victim's alleged involvement with drugs. See *Manley v. State*, 287 Ga. 338 (4) (698 SE2d 301) (2010).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 1, 2012.

*John C. Culp*, for appellant.

*Richard E. Currie, District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, David A. Zisook, Assistant Attorney General*, for appellee.