## 29095. JONES v. THE STATE.

JORDAN, Justice.

The appellant, Larry Jones was indicted along with Milton Leon Hicks on a six count indictment, including two counts of rape, one count of aggravated sodomy, and three counts of armed robbery. The appellant and Hicks were tried together in Fulton Superior Court and at the

conclusion of the presentation of evidence by both sides the court announced that the case against Hicks had been disposed of and instructed the jury not to consider the guilt or innocence of Hicks.

The jury found the appellant guilty on all six counts and sentenced him to two life sentences and four twenty-year sentences. The court overruled appellant's amended motion for new trial, at the same time ordering all of the sentences to run concurrently under the authority of *Wade v. State,* 231 Ga. 131 (200 SE2d 271). This appeal is from the overruling of the amended motion for new trial. *Held:*

1.  The general grounds are totally without merit. One of the rape victims and her husband testified that their home was broken into in the early morning hours on September 15, 1972, by two armed males, that both males raped the wife at gunpoint and proceeded to rob the home of valuables after gagging and tying up the victim and her husband with his neckties. The other victim and her husband testified that their home was broken into in the early morning hours of November 24, 1972, by two armed males, both of whom proceeded to rape the wife, one forcing her to commit sodomy, and then robbed the home of valuables after gagging and binding the victim and her husband. On April 14, 1973, police stopped a stolen vehicle and arrested the appellant-Jones and his co-defendant, Hicks. In the car the detectives found a gun and a pair of gloves taken from the residence of one of the victims. The appellant-Jones was placed in a lineup in DeKalb County and viewed by both of the rape victims, both of whom picked the appellant as one of the two men who had raped them. Both of the victims positively identified the appellant in the courtroom during the trial, further testifying that the lights were on in the house during most of the time in which the crimes took place, in one instance approximately 2 hours, and that they had ample opportunity to observe the perpetrators in the light with no masks or other facial covering.

2.  The appellant contends that the court erred in not allowing a psychiatrist to testify concerning the credibility of the eyewitnesses' (the victims') testimony

given during the trial on the grounds that it was relevant to the issues of the case and thereby denied the appellant the right to defend himself and also denied the appellant due process of law. The appellant argued in the trial court that the psychiatrist should have been allowed to answer the hypothetical questions as to whether a positive identification could have been made by the victims under the circumstances of the crimes. The psychiatrist testified that in his professional experience he had opportunities to examine numerous people who had been involved in crimes as victims and as participants, though he admitted that he had not talked to any of the victims in this case. The trial court sustained the state's objection to the doctor's testimony.

"The opinion of experts, on any question of science, skill, trade, or like questions, shall always be admissible; and such opinions may be given on the facts as proved by other witnesses." Code § 38-1710. Nevertheless, expert opinion, like lay opinion is received only in instances where it is helpful or necessary. *Allison v. Wall,* 121 Ga. 822 (1) (49 SE 831). As a general rule the witness is not allowed to express on the stand an opinion of ultimate fact or the very fact to be decided by the jury because to do so would invade the province of the jury. Green, Georgia Law of Evidence, p. 283, § 113; 20 ALR3d 698, § 13. The ultimate fact to be decided in this case was the correctness or incorrectness of the eyewitness identification of the appellant. The determination of the credibility of a witness, including the accuracy of an eyewitness' identification, is a matter exclusively within the jury's province. *Montgomery v. State,* 224 Ga. 845, 849 (165 SE2d 145); *Curtis v. State,* 224 Ga. 870, 873 (165 SE2d 150); *Clenney v. State,* 229 Ga. 561 (2) (192 SE2d 907).

In Criglow v. State, 183 Ark. 407 (36 SW2d 400), the exclusion of an expert's testimony in response to a hypothetical question as to his opinion of the powers of observation and recollection of two witnesses in identifying an alleged robber whom they had never seen before was upheld. The court went on to state that it would be proper to inquire as to how badly the witnesses were frightened and what opportunity they had to observe the robbers, but in the absence of a contention

that they were of unsound mind, the question whether they were mistaken in their identification from fright or other cause, was one for the jury and not an expert.

Generally, expert testimony as to the credibility of a witness is admissible if the subject matter involves organic or mental disorders, such as insanity, hallucinations, nymphomania, retrograde amnesia, and testimony concerning physical maladies which tend to impair mental or physical faculties. If, however, the characteristic attacked does not involve some organic or mental disorder or some impairment of the mental or physical faculties by injury, disease or otherwise, expert testimony is usually excluded. Expert testimony is usually excluded also when the question is whether the subject matter is within the scope of the ordinary layman's knowledge and experience. 20 ALR3d 688, § 2.

Expert testimony concerning a witness' credibility is also excluded where there is a total lack of or insufficient observation of the assailed witness by the expert. In United States v. Rosenberg, 108 FSupp. 798 (DCNY, 1952), expert opinion evidence concerning the memory of a witness because of his limited education was excluded because none of the scientists (experts) knew the witness. Likewise in State v. Driver, 88 W. Va. 479 (107 SE 189), expert testimony concerning the credibility of the prosecuting witness in an attempted rape prosecution was properly excluded because the expert's opinions were based solely on their courtroom observations of the prosecutrix and her testimony and that of other witnesses. In this case the testimony which was excluded would have been based exclusively on hypothetical questions and the witness would have been testifying with no knowledge or interview of the eyewitnesses whose testimony was sought to be discredited.

It may be stated that generally the best method of attacking the credibility of an eyewitness' identification is by cross examination. The memory of a witness may not be disparaged by other witnesses in order to impeach that testimony; it must be done by cross examination of the witness whose recollection is attacked. *Goodwyn v. Goodwyn,* 20 Ga. 600; *Loomis v. State,* 78 Ga. App. 336 (3c) (51 SE2d 33). As Justice Lumpkin said in *Goodwyn,*

supra (p. 620), ". . . we know of no practice to sanction the introduction of testimony not to impeach the veracity but the memory of the witness. It would be attended with great inconvenience, and hinder and delay the progress of business, by turning aside to form these collateral issues. Once open the door to this sort of investigation, and it would not be restricted to the memory, but would apply to any real or supposed deficiency in any other mental faculty."

Both of the eyewitness victims in this case were subjected to considerable cross examination by appellant's counsel as to their means and opportunity of observing the perpetrators and all other conditions surrounding the positive identification which they made. The credibility of the eyewitness' identification of the appellant was thoroughly tested before the jury. While Georgia has a liberal rule relating to the admission of expert testimony, we conclude that under the facts of this case the exclusion of the proffered expert testimony was not harmful or reversible error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 16, 1974 — DECIDED SEPTEMBER 18, 1974.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, H. Allen Moye, Assistant District Attorney, Arthur K. Bolton, Attorney General, G. Stephen Parker, Assistant Attorney General,* for appellee.