## 71845. BACON v. THE STATE.
(343 SE2d 774)

BANKE, Chief Judge.

The defendant was convicted of driving under the influence of alcohol, driving after having been declared an habitual offender, speeding, and attempting to elude police officers. On appeal, he contends that the trial court erred in permitting two police officers to identify him as having been the driver of the vehicle in question. He also complains that the district attorney was impermissibly allowed to force a witness repeatedly to invoke the protection of the Fifth Amendment and that the court erred in several charges to the jury.

The defendant was arrested following a high-speed chase which ended when the vehicle in which he was riding skidded off the road at a police roadblock and came to rest on its left side in a pine thicket. Present in the car in addition to the defendant were his brother Michael and Gary Morris, the owner of the car. At trial, the defendant testified that Gary Morris had been the driver of the car, while Morris testified that the defendant had been the driver. Officer Allen, the first police officer to reach the overturned car, testified that the first person he saw at the scene was Gary Morris, who was "kind of piled on top of everybody . . . laying on top of the driver," whom he later identified as the defendant. In response to the defendant's objection that the officer should not be allowed to designate "someone as the driver when he hasn't stated any facts to base that conclusion upon," the officer was then asked why he had concluded that the defendant was the driver. He responded that the defendant's legs had been pinned in the driver's position with his legs under the steering

wheel. *Held*:

1. A witness may offer the opinion that a particular person was the perpetrator of an offense, provided he provides the facts upon which such an opinion is based. See *Garrett v. State*, 141 Ga. App. 584 (3) (234 SE2d 161) (1977). The weight and credit to be given such testimony are normally matters for jury determination. See *Curtis v. State*, 224 Ga. 870, 873 (165 SE2d 150) (1968). To the extent that officer Allen's designation of the defendant as the driver may properly be considered an opinion rather than a factual observation, we thus hold that it was nevertheless admissible.

2. The defendant also objected to the testimony of a second officer that the position of the driver would not have changed when the car came to rest on its left side. This witness was qualified and accepted by the court as an expert in the field of accident re- construction.

"Ordinarily, a witness may not express his opinion as to an ultimate fact, because to do so would invade the province of the jury. *Jones v. State*, 232 Ga. 762 (208 SE2d 850) (1974). Jurors are the ultimate triers of fact, and 'where it is possible for them to take the same elements and constituent factors which guide the expert to his conclusions and from them alone make an equally intelligent judgment of their own, independently of the opinion of others, then undoubtedly this should be done. But, we think it is also true that if the nature of the question is such that the factors leading to a conclusion are not known to the common or average man, but are among those things shrouded in the mystery of professional skill or knowledge, then the light of that knowledge should not be withheld from the jury.' *Metropolitan Life Ins. Co. v. Saul*, 189 Ga. 1, 9 (5 SE2d 214) (1939)." *Fordham v. State*, 254 Ga. 59 (4) (325 SE2d 755) (1985).

We hold that the trial court was authorized to conclude that the officer's opinion concerned a matter "beyond the ken of the average layman," i.e., that it involved a conclusion that lay jurors would not ordinarily be able to draw for themselves, without some special experience or knowledge in accident reconstruction. Consequently, we hold that the trial court did not err in admitting this testimony.

3. The state called the defendant's brother to testify with respect to the activities of the three occupants of the vehicle on the evening in question. When initially questioned about the identity of the driver of the car, the brother invoked his Fifth Amendment privilege against self-incrimination. After a colloquy with counsel, the court determined that the state would be allowed to proceed "on a question by question basis." Asked again about the driver's identity, the witness then replied, "Gary Morris." After some additional questioning, the witness was then asked to state who had been driving the car at a different point in the evening, during a time when other evidence sug-

gested that Gary Morris was no longer driving the vehicle. At this point, defense counsel interposed the objection that the state's attorney was asking the same question "over and over after the witness had invoked his Fifth Amendment right."

It is clear from the transcript that the specific question objected to had not previously been asked the witness, in that the witness's previous invocation of the Fifth Amendment had concerned the issue of who had been driving the car during an earlier part of the evening. Thus, the question was not subject to the objection stated, and the trial court did not err in overruling it.

4. The court's charge on flight was proper in all material respects. See generally *Anderson v. State*, 153 Ga. App. 401 (4) (265 SE2d 299) (1980); *Fredericks v. State*, 172 Ga. App. 379 (2) (323 SE2d 265) (1984).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED MARCH 20, 1986 —
REHEARING DENIED APRIL 2, 1986 — 

*Richard D. Phillips*, for appellant.
*Dupont K. Cheney, District Attorney, J. Stephen Archer, Assistant District Attorney*, for appellee.