### 77146. PORTER v. THE STATE.
(373 SE2d 805)

BANKE, Presiding Judge.

The appellant, Willie Porter, was convicted of armed robbery. This is the second appearance of the case before this court. In *Porter v. State*, 182 Ga. App. 624 (356 SE2d 703) (1987), we determined that the appellant was entitled to a new trial due to an erroneous jury instruction. The retrial resulted in another guilty verdict, and Porter again appeals from the denial of his motion for new trial.

The victim testified that at approximately 11:00 p.m. on the night of October 14, 1985, he drove his van to a neighborhood bank to use the teller machine and that as he approached the machine, a man, whom he identified as the appellant, walked up behind him. The victim stated that he was unable to complete his transaction because of an error and consequently offered to let the appellant go ahead of him, whereupon the appellant sprayed him in the face with Mace. He then attempted to flee toward the street but was pursued by the appellant and a co-defendant, Scott, both of whom continued to spray Mace at him. The victim testified that Scott ultimately brought him to the ground and held a gun to his head while "they" took his wristwatch and wallet. He stated that he then heard Scott say, "Willie, get the van," whereupon both assailants got into his van and drove away in it. Shortly thereafter, the victim summoned the police and gave them a description of his van and his assailants.

Several hours later, the van was spotted by police, and a chase

ensued. Scott was apprehended at this time, but a second occupant of the vehicle escaped on foot. On the following day, photographs of Scott and several of his known "associates," including the appellant, were displayed to the victim, who thereupon identified both the appellant and Scott as his assailants. The victim was again positively identified by the appellant during the trial. The appellant offered an alibi defense consisting in essence of testimony by his mother that he had been at home asleep at the time of the offense. *Held*:

1. The evidence was amply sufficient to authorize a rational trier of fact to find the appellant guilty of armed robbery beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The court did not err in excluding the testimony of a psychologist whom the appellant sought to offer as an expert witness in the field of eyewitness identification.

"Expert testimony is usually excluded . . . when the . . . subject matter is within the scope of the ordinary layman's knowledge and experience. [Cit.] . . . It may be stated that generally the best method of attacking the credibility of an eyewitness' identification is by cross-examination. The memory of a witness may not be disparaged by other witnesses in order to impeach that testimony; it must be done by cross-examination of the witness whose recollection is attacked. [Cits.]" *Jones v. State*, 232 Ga. 762, 765 (208 SE2d 850) (1974). See also *Bacon v. State*, 178 Ga. App. 546 (2) (343 SE2d 774) (1986).

The excluded testimony would have concerned the general, statistical reliability of eyewitness identification and the effect of Mace on one's vision. The victim was subjected to substantial cross-examination concerning his ability to view the perpetrators at the time of the incident. He testified unequivocally that the lighting conditions were good, that he "at all times" was able to observe the events, and that the Mace attack did not impair his ability to see. He expressed no uncertainty whatever concerning his identification of the two assailants. Under the circumstances, the proffered expert testimony was properly excluded as expressing a conclusion on a question which lay jurors would ordinarily be able to decide for themselves, based on their own knowledge and experience.

3. The appellant's assertion that the court erred in declining to make funds available to him to retain the expert witness in question is rendered moot by our ruling in Division 2, supra.

*Judgment affirmed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 15, 1988 —
REHEARING DENIED OCTOBER 4, 1988

*Michael T. McClain*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Deborah Espy, Benjamin H. Oehlert III, Assistant District Attorneys*, for appellee.