## 46193. NORRIS v. THE STATE.
(376 SE2d 653)

CLARKE, Presiding Justice.

Norris was convicted of the murder of Gregory Searcy and sentenced to life imprisonment.[1] Both Norris and the victim were members of the homeless population of Atlanta and were acquaintances. On the night of the murder the victim was asleep in a van behind the Goodyear Tire Service Center on Ponce de Leon. Gasoline was thrown on the victim, he was awakened, and set on fire. Totally engulfed in flames, he ran to the end of the parking deck and jumped off. He arrived at Grady Hospital in a conscious state, but he had suffered third-degree burns over 95% of his body. He died two days later from respiratory problems caused by the burns.

The night Searcy was brought to the hospital, he stated that "JP" had thrown something on him and had set him on fire and that "JP" was the name by which William Norris was known. Appellant admitted to the police that he and Searcy had had an argument over money they were to share from the sale of a bicycle, but he maintained that he did not kill Searcy. The evidence showed that on the night of the murder appellant bought 40 cents worth of gasoline from a gas station near the murder site. Testimony also revealed that the day of the murder appellant told Searcy he was going to "kick his ass."

1. Appellant first argues that the trial court erred in refusing to allow Dr. Stephen P. Cole to testify as an expert witness regarding potential inaccuracies in eyewitness identification. The trial court heard the testimony of Dr. Cole outside the presence of the jury and excluded the testimony. Dr. Cole was to testify that the accuracy rate for the identification of blacks by whites can be as low as fifty percent. He was also to testify that showing a photograph to a witness

---

[1] The murder occurred July 29, 1987. Appellant was indicted by the Fulton County grand jury September 15, 1987. He was convicted by a jury and sentenced to life imprisonment on February 12, 1988. Appellant's motion for a new trial was filed March 11, 1988 and was denied August 18, 1988. A notice of appeal was filed July 29, 1988. Oral argument was heard by this court November 14, 1988.

makes the witness more likely to identify the person in that photograph as the guilty party in a subsequent line-up and that there is no correlation between a witness' confidence in an eyewitness identification and the accuracy of that identification.

A witness for the prosecution identified appellant as having walked into the gas station on the night of the murder and purchased 40 cents worth of gasoline which he placed in an antifreeze jug. The witness is white, and appellant is black. The gas station attendant made an eyewitness identification from photographs, a line-up and again at the trial. He was certain that appellant had bought the gasoline.

The determination of a witness' credibility, including the accuracy of eyewitness identification, is within the exclusive province of the jury. *Jones v. State*, 232 Ga. 762 (208 SE2d 850) (1974). The memory of a witness may not be disparaged by another witness in order to impeach that testimony; it must be done by cross-examination. Id. See also *Porter v. State*, 188 Ga. App. 675 (373 SE2d 805) (1988). The testimony was offered as a conclusion to what a layperson could surmise on his own. In addition, Dr. Cole had not examined the witnesses.

Dr. Cole was also to testify that a witness under stress at the time of the event has a reduced ability to make an accurate identification. The contact from which the identification was made occurred when the witness was not under stress; the witness was merely remembering an ordinary business transaction. In fact, he said appellant pumped his own gas, and it took him a long time to do it. The testimony was properly excluded.

2. Appellant also contends that the trial court erred in admitting into evidence the victim's identification of appellant as his killer. Under OCGA § 24-3-6 a statement made by a person regarding the cause of his impending death and the person who killed him are admissible in a homicide prosecution when the victim is in the articles of death and conscious of his condition when the statement is made. Whether or not the victim had actually made a dying declaration was discussed at a suppression hearing, and the trial court allowed the identification to be admitted.

Consciousness of impending death may be inferred from the declarant's statements, the nature of his wounds and other circumstances. *Early v. State*, 170 Ga. App. 158 (316 SE2d 527) (1984). Testimony showed that the personnel attending the victim at the hospital realized he had almost no chance of survival. The victim had suffered third-degree burns over 95% of his body, and the evidence showed that he was aware of his impending death at the time the identification was made. The identification was properly admitted.

3. Appellant's third enumeration of error is that the identification

photographs shown to the victim immediately before his death were impermissibly suggestive. Photographs of possible suspects were shown to the victim one at a time, rather than in a group, as they would have been presented in a lineup. The victim identified appellant from the photographs by a nod of his head. Bearing in mind that the victim could not speak at the time and could only respond to the photographs by slightly nodding his head, any other method of communication would have been ineffective. This enumeration of error is without merit.

4. Appellant finally argues that the introduction into evidence of a photograph of the victim's head and chest unduly prejudiced the jury. The photograph was introduced to show that the victim was aware of his impending death when he identified appellant as his killer. Although the photograph was taken after the autopsy was performed, the photograph does not show injury to the body other than that due to the burns. See *Brown v. State*, 250 Ga. 862 (302 SE2d 347) (1983). The photograph was properly admitted to show that the victim was aware of his condition at the time he identified appellant as his assailant.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 23, 1989.

*John A. Pickens*, for appellant.
*Lewis R. Slaton*, District Attorney, *Joseph J. Drolet, Benjamin H. Oehlert III*, Assistant District Attorneys, *Michael J. Bowers*, Attorney General, *Andrew S. Ree*, for appellee.

