A90A0754. LAMB v. THE STATE.
(396 SE2d 497)

BIRDSONG, Judge.

Nathaniel Lamb appeals from his conviction of rape. *Held*:

1. Lamb contends that the evidence was insufficient to support a conviction under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). The evidence showed that the fourteen-year-old victim had just returned home from school when Lamb, her step-grandfather, came to the door and on a pretext, got the victim to enter the

bedroom. Lamb followed her and pushed her onto the bed. Pulling down her pants and underwear, he forcibly "put his penis inside [her] vagina." The victim did not tell her mother because she had previously complained about Lamb molesting her over a period of years and her mother did not believe her. That night the victim experienced severe pain, but let her mother think she was having severe menstrual cramps. The mother, testifying for the defense, corroborated the victim's testimony by recalling that the victim had a bad case of cramps at that time. About four weeks later, a school coach approached the victim because she had noticed a change in her demeanor, and the victim told her what had happened. The victim was examined by a physician at Grady Hospital. The doctor testified at trial that the victim's hymen was not intact and that he could not rule out that she had had forcible sex, although there were no bruises or contusions at the time he examined her.

Appellant argues that the victim's testimony was not credible because she had a history of fighting at school and running away from home, and her reputation for truthfulness was not good. However, "[t]he victim's testimony that the sexual acts were committed against her will was sufficient to support the appellant's conviction of rape, the issue of her credibility being for the jury to decide. [Cit.] Having reviewed the evidence in the light most favorable to the jury's verdict, we conclude that it was sufficient to enable a rational trier of fact to find the appellant guilty of rape beyond a reasonable doubt. See generally *Jackson v. Virginia*, [supra]." *Holt v. State*, 192 Ga. App. 708-709 (1) (385 SE2d 787). Accord *Mathis v. State*, 192 Ga. App. 772 (1) (386 SE2d 532).

2. During cross-examination of the examining physician as to whether he was aware of any psychological problems the victim might have, defense counsel asked: "If she had a neurological deficit or a neurological problem or psychiatric problem, could these allegations have been fabricated?" The witness gave an affirmative reply and the State objected, asserting that the question called for a comment on the credibility of the victim. The trial court sustained the objection on the ground that it called for "such a great degree of speculation." Appellant complains that this ruling was error since it had been shown that the victim had "mental problems" and the question was only hypothetical; and that this court is bound by *Keri v. State*, 179 Ga. App. 664, 667 (1) (347 SE2d 236), "where the State was allowed to do the same thing."

We do not agree. First, at the time this question was posed to the witness, no showing had been made that the victim had any mental problems, and indeed, no showing was ever made of any problems other than her fight with some classmates and her running away from home several times. Second, *Keri v. State* is not controlling here. In

that case we found that the testimony of a qualified expert witness in the area of abused children was properly admitted because it was helpful to the jury, and her opinion that she believed the accusations made by the victims had first been introduced by defense counsel. The witness here, who was not qualified as an expert on neurological or psychiatric problems, admittedly had no knowledge of the victim's mental state. In any event, expert opinion testimony on issues properly decided by the jury should be admitted only where the conclusion of the expert is one which the jury would not ordinarily be able to draw for themselves, or is " 'beyond the ken of the average layman.' [Cit.]" *Allison v. State*, 256 Ga. 851, 852 (3) (353 SE2d 805). "Credibility of a witness is not beyond the ken of the jurors but, to the contrary, is a matter solely within the province of the jury. OCGA § 24-9-80. An expert witness may not testify as to his opinion of the victim's truthfulness. [Cits.]" *State v. Oliver*, 188 Ga. App. 47, 50 (2) (372 SE2d 256). Accord *Jones v. State*, 232 Ga. 762, 764 (2) (208 SE2d 850); *Norris v. State*, 258 Ga. 889 (1) (376 SE2d 653).

3. Appellant assigns as error the jury instruction on alibi, claiming that it was impermissibly burden shifting and that his orally requested charge should have been given in its stead. However, the language complained of was expressly approved by this court in *Ross v. State*, 192 Ga. App. 65 (5) (383 SE2d 627), and presents no basis for reversal. In addition, "[t]his court has held that where there has been no written request to charge, failure to give the charge is not error. [Cits.]" *Arnold v. State*, 163 Ga. App. 94, 96 (4) (292 SE2d 891). See also *Billups v. State*, 236 Ga. 922 (1) (225 SE2d 887).

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED JUNE 25, 1990 —
REHEARING DENIED SEPTEMBER 4, 1990.

*John D. McCord III*, for appellant.
*Robert E. Wilson, District Attorney, J. Thomas Morgan, Desiree L. Sutton, Assistant District Attorneys*, for appellee.