## A90A1197. COX v. THE STATE.
(398 SE2d 262)

POPE, Judge.

Defendant Gregory Cox was convicted of the armed robbery of a convenience store and appeals.

1. Defendant first argues the trial court erred in failing to rule on the admissibility of evidence of similar transactions prior to trial. Though a ruling was not made prior to trial, a hearing was conducted and a ruling on admissibility was made prior to the presentation of any evidence to the jury. Fair and adequate notice of the State's intention to utilize evidence of similar transactions was given prior to trial, as required by Rule 31.1 of the Uniform Superior Court Rules, so that defendant had the requisite opportunity to investigate the validity, relevancy and admissibility of the prior offenses. See *Thompson v. State*, 186 Ga. App. 421 (2) (367 SE2d 586) (1988). Consequently, in this case we find no prejudice to the defendant. Cf. *Grogan v. State*, 192 Ga. App. 234 (384 SE2d 441) (1989) (in which this court held the trial court erred in waiting until after all other State's evidence had been presented before ruling on the admissibility of an allegedly similar transaction because defendant was prejudiced thereby and, in addition, the evidence was not sufficiently similar to be admissible).

2. We find no error in admitting evidence that defendant pled guilty to two other armed robberies of stores in 1981, seven years before the robbery at issue in this case. We have reviewed the evidence and find the circumstances to be sufficiently similar to be admissible to show identity, motive, plan, scheme, bent of mind or course of conduct. "Although lapse of time between the two crimes is an important factor to consider in determining admissibility of the prior crime, it is not wholly determinative." *Hudson v. State*, 175 Ga. App. 878, 880 (334 SE2d 735) (1985). "[W]e are persuaded by the fact that defendant was incarcerated for approximately [six] of the intervening years, thus circumscribing his ability to commit similar offenses during much of the [seven-year] period. Accord *Miller v. State*, 165 Ga. App. 487 (2) (299 SE2d 174) (1983)." *Anderson v. State*, 183 Ga. App. 669, 671 (359 SE2d 688) (1987).

3. Contrary to defendant's assertion, we find no evidence that the photographic line-up presented to the eyewitness was impermissibly suggestive. Moreover, the in-court identification of defendant by the eyewitness had an independent basis in the witness' opportunity to observe the defendant at the scene of the crime. Thus, the trial court

did not err in admitting the witness' identification of defendant. See *Messer v. State*, 247 Ga. 316 (3) (276 SE2d 15) (1981). The witness testified she had the opportunity to see part of defendant's face at the scene of the crime, declared immediately after the crime that she would be able to identify the robber if she saw him again and picked defendant's photograph out of a line-up five days after the crime. Any inconsistency or inaccuracy in her physical description of the robber and the circumstances under which she observed him relates to the witness' credibility with the jury but does not require her identification of defendant to be excluded as a matter of law. Cf. *Bradley v. State*, 148 Ga. App. 722 (2) (252 SE2d 648) (1979) (in which testimony was excluded where a witness had limited opportunity to observe the defendant, did not have the opportunity to identify the defendant until five weeks later and that opportunity was so suggestive as to prevent an independent identification at trial).

4. Defendant presented the testimony of psychologist Stephen P. Cole, Ph.D., as an expert in perception and memory. Dr. Cole was permitted to testify concerning his opinions on the effect of stress on memory and on statistical studies regarding the accuracy of recall over time (the "forgetting curve"). However, the trial court excluded his testimony regarding statistical studies on the relationship between a witness' confidence in his or her identification of a person and the accuracy of that identification and studies addressing the accuracy of identifying a person of another race. The excluded testimony is almost identical to that the same witness offered to present in the trial of the case reviewed by the Georgia Supreme Court in *Norris v. State*, 258 Ga. 889 (1) (376 SE2d 653) (1989). The Supreme Court in *Norris* had already ruled such testimony to be inadmissible at the time the case now before us was tried. Id. at (1). As in *Norris*, the proffered testimony of Dr. Cole did not seek to comment specifically on the credibility of the eyewitness who testified in this case. However, testimony concerning general statistical reliability of eyewitness identification is properly excluded as expressing an opinion on a question which is solely for jury determination. See *Porter v. State*, 188 Ga. App. 675 (2) (373 SE2d 805) (1988); see also *Jones v. State*, 232 Ga. 762 (2) (208 SE2d 850) (1974). The trial court did not err in excluding testimony concerning the effect of feedback and intervening discussion with others on the accuracy of a witness' identification because, in addition to the general rule stated above, defendant presented no evidence that the witness was subject to such factors.

5. The only direct evidence linking defendant with the crime was the eyewitness' identification of him. Defendant was afforded ample opportunity to impeach the credibility of the witness. However, credibility is an issue for jury determination. See *Miasso v. State*, 191 Ga. App. 222 (381 SE2d 315) (1989). " '(A)ppellate courts consider only

the sufficiency . . . not the weight of the evidence.' *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131) (1976)." *Wayne v. State,* 184 Ga. App. 160, 161 (361 SE2d 39) (1987). Consequently, we hold the trial court did not err in denying defendant's motion for new trial on the general grounds.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 11, 1990.

*Debra B. Randall,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Assistant District Attorneys,* for appellee.