## A99A0367. HOWARD v. THE STATE.
(518 SE2d 152)

McMurray, Presiding Judge.

Defendant Howard appeals his conviction of the offense of aggravated assault upon a correctional officer. Both of defendant's enumerations of error address the sufficiency of the evidence to authorize the conviction. *Held*:

The evidence stated in the light most favorable to sustaining the verdict of the jury shows that the victim, Richard Brantley, a correctional officer at the state prison in Reidsville, was distributing spoon packs, containing plastic utensils, napkins, and condiments, to a range of prison cells prior to a meal time when he was struck by a quantity of hot liquid thrown from a cell. He received first, second, and third degree burns to 50 percent of his body, from his face to his waist. Brantley was approximately halfway through the second tier of cells when he was struck by the liquid which he identified by smell to contain baby oil and liniment, substances which the inmates could obtain from the prison store or hospital. Inmates were able to heat liquids for such nefarious purposes by using wiring taken from radios.

While Brantley did not know the source of the hot liquid, he was accompanied by a correctional officer trainee, Chris Reeves, who was walking two or three feet behind him. Reeves observed the liquid coming out of "Cell 32" and testified that there was "no doubt in [his] mind which cell it came out of." Defendant was the sole resident of that cell and had earlier that day threatened Brantley during an argument.

Defendant relies upon evidence attributing the attack upon Brantley to inmate Murcheson who was located in Cell 36, the fourth cell past Cell 32 in the direction Brantley was moving prior to the attack. This evidence included the testimony of inmate Antonio Fambro, who stated that Murcheson had admitted committing the attack.

Defendant argues that Fambro's testimony, that he knew inmate Murcheson did it "[c]ause he told me he did," provides probative, direct, and uncontradicted evidence in the form of an admission against penal interest which must prevail over the "circumstantial evidence" of his guilt. This position, based on the proposition stated in *State v. Crisanti*, 220 Ga. App. 705, 711 (2) (470 SE2d 314), that a finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence to the contrary, is fatally flawed.

It is Fambro's testimony as to Murcheson's statement which lacks probative value. Since Murcheson did not testify at trial, his declaration to Fambro that he, rather than defendant, committed the offense falls squarely within the Georgia hearsay rule and is not

admissible under any exception thereto. *Gardner v. State*, 263 Ga. 197, 198 (4) (429 SE2d 657). Hearsay evidence has no probative value even when admitted without objection. *Germany v. State*, 235 Ga. 836, 840 (221 SE2d 817).

Other evidence relied upon by defendant related to the physical circumstances following the attack, including the absence of liquid on the floor outside defendant's cell and the presence of a puddle of liquid along with a "couple" of spoon packs on the floor outside Cells 35 and 36. However, these circumstances do not preclude a conclusion that the attack originated in defendant's cell since the absence of correctional officers from the cell tier for a period following the attack provided an opportunity for liquid to be poured on the floor for the purpose of creating a mistaken impression as to where the attack had originated.

Ultimately, the jury was faced with determining the credibility of Reeves. Reeves testified that he was two or three feet behind Brantley, that he had just reached down and picked up a fallen spoon pack when he saw the liquid substance coming out of the cell, that he looked up and got the cell number and wrote it down on either his hand or a piece of paper as he was trying to get Brantley out of the area. Defendant attacked the credibility of Reeves, in part by attempting to show that things happened too fast after the attack for him to have written down the cell number.

The determination of the factual issues, including those relating to the credibility of witnesses and resolving conflicts in the evidence, was a matter particularly for the jury. *Bowden v. State*, 270 Ga. 19, 21 (4) (504 SE2d 699); *Norris v. State*, 258 Ga. 889, 890 (376 SE2d 653); *Holland v. State*, 232 Ga. App. 284 (1) (501 SE2d 829). We have carefully reviewed the transcript and find that the evidence is sufficient to authorize a rational trier of fact to determine that defendant is guilty beyond a reasonable doubt of the offense of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Holloway v. State*, 222 Ga. App. 350 (474 SE2d 249).

*Judgment affirmed. Andrews and Ruffin, JJ., concur.*

DECIDED MAY 18, 1999 —
RECONSIDERATION DISMISSED JUNE 8, 1999.

*Cheney, Waters, Gross & Gay, Glen A. Cheney*, for appellant.
*J. Thomas Durden, Jr., District Attorney, Timothy B. Lumpkin, Assistant District Attorney*, for appellee.