## A99A2260. TURNER v. THE STATE.
### (526 SE2d 95)

ELDRIDGE, Judge.

Marty Leon Turner was indicted for homicide by vehicle with reckless driving and DUI — less safe driver — as the underlying offenses in support thereof. The charges arose when Turner, while changing into the far left (fast) lane of southbound Interstate 285, cut his vehicle in front of another vehicle too closely.[1] This maneuver caused the rear of Turner's vehicle to strike the front end of the other car, driven by James Jordan. As a result, both cars hit the median wall twice. Ultimately, Jordan's vehicle flipped over and slid several yards on its hood. Turner's car came off the wall, spun across several lanes of traffic, and came to rest against the guardrail at the far right shoulder of the road. Turner was thrown from his car and suffered a head injury. During the course of the initial accident call and Turner's subsequent removal to Kennesaw Hospital, a strong odor of alcohol was noted about Turner's person. A medically necessary blood test ordered by the treating physician showed Turner's blood alcohol level to be 0.16. Jordan died on the scene.

A Cobb County jury found Turner guilty of homicide by vehicle as charged and guilty of DUI as an unindicted lesser included offense thereof. He appeals, raising nine enumerations of error. Upon review, we affirm Turner's conviction.

---

[1] The evidence is viewed in a light most favorable to upholding the verdict. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

1. In his first enumeration of error, Turner claims a violation of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), in that, absent *Miranda* warnings, the trial court admitted a statement he made to the police while he was being treated in the hospital shortly after the collision. We find no error in such admission. "A person is not entitled to *Miranda* warnings as a matter of right, even though that person is a suspect, unless that person had been taken into custody or has been deprived of freedom of action in another significant way." (Citations and punctuation omitted.) *Moses v. State*, 264 Ga. 313 (1) (444 SE2d 767) (1994); *Syfrett v. State*, 210 Ga. App. 185, 186 (435 SE2d 470) (1993). Here, Turner was not in police custody. The investigating officer testified that Turner's involvement in the collision may have rendered him a "suspect," but at the time of the hospital interview, the officer did not have probable cause to arrest or detain Turner and had no intention of doing so. The officer testified that at the time of his interview with Turner, no decision had been made with regard to Turner's involvement in the collision:

> You never jump to any conclusions. You look at all your evidence and make a decision from what you reconstruct and this collision happened on the 3rd. We did not complete the full investigation until after that was done. So that's why we took the charges at that time.

From the record, it appears that any restriction on Turner's freedom was due to his status as a hospital patient. In fact, Turner was not taken into police custody until a week after his statement to the investigator, following an intensive accident reconstruction process that created probable cause sufficient to issue a warrant for Turner's arrest for vehicular homicide. The trial court concluded that no *Miranda* warnings were required prior to Turner's statements to the investigating officer because Turner was not in custody at the time. This finding was not clearly erroneous, and thus, we hold that there was no error in admitting the statements at trial.

2. Pursuant to the Supreme Court of Georgia's decision in *Cantrell v. State*, 266 Ga. 700 (469 SE2d 660) (1996), Turner contends that the trial court erred "in refusing to accept a verdict of the jury as to the unindicted lesser offense of driving under the influence." This contention is meritless.

*Cantrell v. State* involved a situation in which the trial court charged the jury that they may not even *consider* a lesser included offense until a verdict had been reached on the greater offense. Thereafter, apparently in contradiction to the trial court's instructions, the jury returned and published a verdict of "guilty" on the

lesser offense and wrote on the verdict form that they were unable to agree on a verdict as to the greater offense.[2] The trial court refused to accept the verdict on the lesser offense and ordered the jury to resume deliberations on the greater offense. The next day, the jury found Cantrell guilty of the greater offense. The Supreme Court of Georgia found error on two bases: (1) The jury's returned and published verdict of guilty on the lesser offense acted as an acquittal on the greater offense, and thus, further jury deliberations were precluded; and (2) the trial court's charge to the jury was error because, in practical application, such charge improperly imposed a unanimity of verdict requirement as to the greater offense before the lesser could even be considered. Id. at 702-703.

The instant case, however, falls outside the proscriptions of *Cantrell v. State* for the following reasons:

(a) The trial court did not instruct the jury that they must first consider the greater offense and reach a verdict thereon before consideration of the lesser offense could commence. Instead, the trial court followed the pattern jury instruction and charged the jury:

> If you do not believe beyond a reasonable doubt that the defendant is guilty of homicide by vehicle but do believe beyond a reasonable doubt that the defendant is guilty of driving under the influence of alcohol, then you would be authorized to find the defendant guilty of driving under the influence of alcohol.

We have found that such pattern jury instruction avoids the evils *Cantrell v. State* was designed to address, because such instruction "circumvents the possibility that jurors will believe a unanimous acquittal is required before consideration of the lesser offense." *Kunselman v. State*, 232 Ga. App. 323, 325 (501 SE2d 834) (1998). See also *Cantrell v. State*, supra at 703 (finding "pattern jury instructions do not require unanimity with respect to an indicted offense before consideration of an included offense").

(b) The trial court did not reject a returned verdict of "guilty" as to the lesser included offense of DUI in order to compel the jury to first reach a unanimous verdict on the greater offense of vehicular homicide. In this case, the jury sent out a note during deliberations indicating that they had reached an *unspecified* agreement on the lesser included offense of DUI, but were in disagreement as to the additional elements of the vehicular homicide count, which had DUI *and* reckless driving as the underlying offenses. The trial court gave

---

[2] "Verdicts acquire their legality from return and publication. [Cit.]" *Cantrell v. State*, supra at 703, n. 4.

an *Allen*[3] charge. Eventually, the jury returned a verdict on both DUI and homicide by vehicle. Contrary to Turner's contentions, *Cantrell v. State* does not stand for the proposition that a trial court must stop all deliberations and *require* a jury to return a verdict on a lesser included offense — which included offense is, necessarily, an element of the greater offense from which it springs — thereby precluding all further deliberations on the greater offense. Obviously, a jury may agree on some elements of an offense but require more deliberative time on other elements. There was no indication here that the jury was hopelessly deadlocked as to the greater offense.

3. Again invoking the proscriptions of *Cantrell v. State*, Turner claims three additional ways in which the trial court's charge to the jury allegedly imposed a unanimity of verdict requirement:

(a) While recognizing that "he is swimming upstream on this issue," Turner "feels constrained to submit . . . that the pattern jury charge does require unanimity with respect to the indicted offense." As we have in the past, we disagree with this contention. *Kunselman v. State*, supra at 325. See also *Cantrell v. State*, supra at 703. Turner fails to recognize that what is proscribed by the Court's holding in *Cantrell v. State* is a requirement of unanimity of verdict on a greater offense *before* a lesser included offense may even be considered. Id. at 702, n. 2. The pattern jury instructions do not impose any requirement with regard to consideration of offenses.

(b) Turner contends that the following charge of the trial court "strongly suggests a requirement of a unanimous verdict":

> If you find the defendant was intoxicated to the extent that he was a less safe driver, but that the negligent actions of the victim were such that they contributed or caused his death, irrespective of the defendant's intoxication, then and in that event it would be your duty to acquit the defendant of the charge of vehicular homicide. However, you would be authorized to convict the defendant on the charge of driving under the influence of alcohol.

We do not agree with Turner's contention. Such charge has nothing to do with a sequential consideration of offenses or a unanimity of verdict requirement. Moreover, Turner requested the charge, and it was given pursuant to his request. "(A) defendant cannot complain of a verdict which was brought about by a charge which he had requested." (Citation and punctuation omitted.) *Taylor v. State*, 195 Ga. App. 314, 316 (4) (393 SE2d 690) (1990).

(c) Turner contends that the following portion of the *Allen* charge

---

[3] See *Allen v. United States*, 164 U. S. 492 (17 SC 154, 41 LE 528) (1896).

given by the trial court "impressed upon the jury that their verdict on the lesser included offense would not be accepted absent their first reaching a unanimous verdict as to the greater offense":

> [T]he Court deems it proper to advise you further in regard to the desirability of agreement, if possible. . . . It is the law that a unanimous verdict is required. While this verdict must be the conclusion of each juror and not the mere acquiescence in order to reach an agreement, it is still necessary for all jurors to examine the issues in question submitted with candor and fairness and with a proper regard for and deference to the opinions of others.

Simply because the word "unanimous" is contained in the above-referenced portion of the trial court's charge does not in any way imply that the jury must reach a unanimous verdict on the greater offense before considering the lesser included offense, as proscribed by *Cantrell v. State.* As the charge indicates, a "unanimous verdict as to the whole" *is* required in a criminal trial. Id. at 703. Thus, the trial court's charge was a correct statement of the law, and we find Turner's contentions to the contrary to be meritless.

4. Next, Turner contends that the medical records of his hospital stay were improperly admitted into evidence under the business records exception to the hearsay rule, because the State failed to make an adequate showing of the chain of custody of the blood sample taken from Turner. Turner claims preservation of this issue on the basis of an objection made to the tender of a computer printout of the results of his blood test, because the State's witness did not have personal knowledge of the document's origin: "Your Honor, we would object to that specific document being tendered into evidence. She stated she has no personal knowledge of the production of that document." "In order to preserve an objection upon a specific ground for appeal, the objection must be made at trial upon that specific ground." (Citations and punctuation omitted.) *Campbell v. State,* 228 Ga. App. 258, 263 (3) (b) (491 SE2d 477) (1997). On the basis of the objection to which Turner directs our attention, we consider as waived the instant contention regarding the chain of custody of Turner's blood sample. *Newton v. State,* 226 Ga. App. 501, 503 (3) (486 SE2d 715) (1997).

5. Turner's treating physician testified as an expert for the State regarding Turner's blood alcohol content ("BAC") and the effects of such BAC upon one's ability to drive a motor vehicle. On cross-examination, the defense asked a number of hypothetical questions involving the effects of a combination of alcohol and *cocaine* on one's ability to drive. Thereafter, on re-direct, the State asked the doctor if

he had requested that Turner's blood be tested for the presence of cocaine; when the doctor replied, "No," the State then asked, "So you don't know if in addition to the .16 blood alcohol level the defendant had cocaine in his blood?" The doctor replied, "No, I did not." The defense objected to the testimony and moved for mistrial, claiming that the State's questions implied that Turner was using cocaine prior to the collision. The trial court sustained the objection but denied the motion. Turner claims error in the denial of his motion for mistrial.

We have reviewed the testimony in this case. Thus, we are aware that by questioning the State's expert witness about the effects of cocaine on the ability to drive, the defense was attempting to elicit evidence that would prove favorable when, during the defense's case, evidence came in that the victim ingested cocaine prior to the collision. However, the risk of such premature inquiry is that, at the time of the defense's questions, there was absolutely no evidence before the jury of anyone's use of cocaine at any time; cocaine had not been mentioned by any witness in conjunction with any issue in the case. Neither the hypothetical questions nor the answers thereto factually established who might have been using cocaine in this case. Accordingly, the prosecutor's subsequent question to the doctor as to whether he tested Turner for cocaine became relevant. "[R]elevant information is not rendered inadmissible because it may incidentally place a defendant's character in issue. [Cit.]" *Roberts v. State*, 208 Ga. App. 64, 66 (2) (430 SE2d 175) (1993).

We agree with the trial court's sustaining of objection to the prosecutor's subsequent question, i.e., regarding the doctor's knowledge of whether or not Turner had cocaine in his blood in addition to a 0.16 BAC. Such question called for speculation. However, we find no error in the trial court's denial of Turner's motion for mistrial based thereon. "Whether to grant a mistrial is a matter within the discretion of the trial court, and that discretion will not be interfered with on appeal unless it is apparent that a mistrial is essential to the preservation of the right to a fair trial." (Citation and punctuation omitted.) *Cowards v. State*, 266 Ga. 191, 194 (3) (c) (465 SE2d 677) (1996). Considering (1) Turner's part in raising the issue of cocaine use prior to establishing any factual basis therefor; (2) the lack of any evidence linking Turner to cocaine use; and (3) the subsequent evidence that it was the victim who had ingested cocaine prior to the collision, we find that the trial court's denial of Turner's motion for mistrial did not deny him a fair trial. There was no abuse of discretion.

6. While recognizing that each of the following charges to the jury "apparently was a slip of the tongue," Turner still claims reversible error thereon: (a) "[T]he State is not required to prove the guilt of the accused beyond all reasonable doubt"; and (b) "Our law says

that any person be found guilty of any crime commit the by misfortune or accident where there was no criminal scheme undertaking or criminal negligence."

Since it is undisputed that the allegedly erroneous instructions were the result of a slip of the tongue, we need determine only "whether [they], when considered in light of the whole charge, may have misled or confused the jury in this case. . . . [Cits.]" *White v. State*, 233 Ga. App. 276, 278 (503 SE2d 891) (1998).

(a) The trial court instructed the jury repeatedly, both in a pretrial charge and in its final charge, that "the burden of proof rests on the State to prove every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt." Viewing the charge as a whole, we find that the trial court's instruction about which Turner complains neither confused or misled the jury on the burden of proof nor in any way contributed to the verdict. *White v. State,* supra.

(b) The initial charge on misfortune or accident cited as error by Turner appears to this Court to be a transcription error, as opposed to a "slip of the tongue" made by the trial court during its charge to the jury.[4] Notwithstanding, following such initial instruction, the trial court thoroughly charged the jury on the definition of accident or misfortune and instructed them: "If you find from the evidence in this case that the incident which is the subject matter of this case, occurred as a result of misfortune or accident and not as a result of criminal negligence then it would be your duty to acquit the defendant." Under such circumstances, viewing the charge as a whole, we find that "the error caused by the trial court's slip of the tongue was harmless, and as such, does not warrant reversal." (Citations and punctuation omitted.) *White v. State,* supra at 278 (3).

7. We have reviewed the trial court's charge limiting the jury's consideration of similar transaction evidence. We find no error. The trial court charged the jury that:

> [Y]ou are strictly limited in your consideration of the evidence as to the course of conduct and bent of mind elements of the offenses charged in the indictment. . . . Former evidence shall be considered by you only for the purposes of explaining course of conduct, bent of mind and the absence of mistake.

Compare *Rivers v. State*, 236 Ga. App. 709 (513 SE2d 263) (1999) (holding the failure to limit jury's consideration of similar transac-

---

[4] A review of the record in this case shows what appear to be numerous errors in the transcription of the trial of the case.

tion evidence to the purpose for which admitted was error). Here, the trial court charged the jury as to the limited purposes and use of such evidence in substantial conformity with the pattern jury instruction provided in the Council of Superior Court Judges Suggested Pattern Jury Instructions. See *Salters v. State*, 238 Ga. App. 45, 46 (517 SE2d 593) (1999). Turner does not show that he requested the trial court to give any other instruction as to the law regarding the purposes and use of similar transaction evidence. "Under such circumstances, defendant cannot complain that the trial court should have given a different charge on this subject. See *State v. Belt*, 269 Ga. 763 (505 SE2d 1) [(1998)]." Id. at 46 (3). See also *State v. Hinson*, 269 Ga. 862 (506 SE2d 870) (1998).

8. We find no error in permitting the State's expert witness to testify as to what effect a 0.16 BAC has on a person's ability to drive a motor vehicle. The qualitative relationship between a quantitative BAC and driving ability is beyond the ken of the average juror. See, e.g., *Lewis v. State*, 214 Ga. App. 830, 832 (1) (449 SE2d 535) (1994). Further, on cross-examination, Turner's counsel asked this same State's witness the same type of question about which he now complains: "[Defense counsel:] Now, what about ethyl alcohol? . . . [W]hat effect, if any, would that have on a person?" A defendant who brings out the same evidence to which he objects cannot be heard to complain. *Mathis v. State*, 222 Ga. 351, 353 (2) (149 SE2d 812) (1966).

We also find no error in permitting the State's accident reconstruction expert to testify that, in his opinion, the collision at issue could not have happened in any way other than that to which he testified. Such testimony summarized the result of the expert's reconstruction process, and as such, "it involved a conclusion that lay jurors would not ordinarily be able to draw for themselves, without some special experience or knowledge in accident reconstruction." *Bacon v. State*, 178 Ga. App. 546, 547 (2) (343 SE2d 774) (1986).

9. Turner alleges two instances of prosecutorial misconduct during the State's closing argument. First, Turner contends that the prosecutor impermissibly shifted the burden of proof to the defense and commented on Turner's right to remain silent by arguing to the jury, "He doesn't have any evidence presented to you that the defendant did not cause this accident." This contention is meritless. The statement, on its face, is directed toward the merits of the evidence that Turner *presented*. The State may argue that evidence presented by the defense failed to rebut the State's case. *Thornton v. State*, 264 Ga. 563, 567 (4) (a) (449 SE2d 98) (1994).

Turner also claims reversible error in the prosecutor's argument that Turner was "guilty of killing James Jordan." Turner objected to the argument and moved for mistrial, which was denied. Turner then

asked the trial court to instruct the jury to disregard the statement. The trial court did so. Turner did not renew his motion for mistrial. Thus, "[e]ven if the prosecutor's statement constituted error, [Turner] failed to preserve the issue because he did not thereafter renew his motion for mistrial. . . . [Cit.]" *D'Angelo v. State*, 223 Ga. App. 558, 560 (2) (479 SE2d 384) (1996).

*Judgment affirmed. Blackburn, P. J., concurs. Barnes, J., concurs in judgment only.*

DECIDED NOVEMBER 22, 1999 —
RECONSIDERATION DENIED DECEMBER 14, 1999 — ▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

*Julian M. Treadaway*, for appellant.

*Patrick H. Head, District Attorney, Debra H. Bernes, Maria B. Golick, Assistant District Attorneys*, for appellee.