### A00A1486. BURNS v. THE STATE.
(540 SE2d 640)

RUFFIN, Judge.

Willis Burns appeals his conviction of armed robbery, contending that the trial court committed errors in charging the jury. Because these contentions are without merit, we affirm.

1. In its charge to the jury, the trial court stated that

> [i]f . . . you should find and believe beyond a reasonable doubt that this defendant . . . did . . . commit the offense of armed robbery, you would be authorized to find the defendant guilty. On the other hand, if after considering the testimony and the evidence presented to you together with the charge of the court you should find beyond a reasonable doubt that the state has not carried its burden, then you would be authorized to find the defendant not guilty of the offense of armed robbery.

Burns asserts that this instruction misled the jury as to the State's burden of proof, suggesting that it had to find him not guilty beyond a reasonable doubt in order to acquit. Although the State admits that the trial court's language "may not be the best," it argues that, viewed as a whole, the charge properly instructed the jury on the State's burden of proof. We agree.

In determining whether a jury instruction "allowed a finding of guilt based on a degree of proof below that required by the due process clause," the Supreme Court has stated that the correct inquiry is "whether there is a 'reasonable likelihood' that the jury applied the instruction in a constitutionally impermissible manner."[1] In resolving this issue, we must consider the trial court's charge as a whole.[2]

In this case, the trial court repeatedly instructed the jury on the State's burden of proof. The court charged that the defendant "is presumed to be innocent until proven guilty"; that this presumption remains "until it is overcome by the State with evidence which is sufficient to convince you beyond a reasonable doubt that the defendant is guilty of the offense charged"; that "no person shall be convicted of

---

[1] *Coleman v. State*, 271 Ga. 800, 804 (8) (523 SE2d 852) (1999).
[2] See id. at 805; *Roker v. State*, 262 Ga. 220, 222 (4) (416 SE2d 281) (1992).

any crime unless and until each element of the crime is proven beyond a reasonable doubt and to a moral and reasonable certainty"; that "the burden of proof rests upon the State to prove every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt"; and that "there is no burden of proof upon the defendant whatever and the burden never shifts to the defendant to prove innocence." The court instructed the jury on the meaning of "reasonable doubt," and charged that "[i]f . . . your minds are wavering, unsettled or unsatisfied, then that is a doubt of the law and you should acquit the defendant." Finally, the court charged that "[i]f the State fails to prove the defendant's guilt beyond a reasonable doubt, it would be your duty to acquit the defendant." Only after thus extensively charging the jury on the State's burden of proof did the court give the challenged instruction.

The challenged instruction in this case was not nearly as flawed as that in *Turner v. State*,[3] where the trial court at one point told the jury that "[t]he State is not required to prove the guilt of the accused beyond all reasonable doubt."[4] The instruction in this case was at least facially accurate, since the jury would indeed be authorized to acquit the defendant if it found beyond a reasonable doubt that the State had not carried its burden. Nevertheless, we held in *Turner* that the erroneous instruction did not constitute reversible error, since the court repeatedly instructed the jury that "the burden of proof rests on the State to prove every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt."[5] Similarly, given the trial court's repeated instructions as to the State's burden of proof in this case, we do not believe there is a reasonable possibility that the court's apparent slip of the tongue misled the jury as to the degree of proof necessary for conviction or acquittal.

2. Burns contends that the trial court erred in using the phrase "moral and reasonable certainty" in its charge on reasonable doubt. However, "there was no reversible error because the charge viewed in its entirety repeatedly and accurately conveyed to the jury the concept of reasonable doubt."[6]

3. Finally, Burns contends the trial court erred in failing to give his requested charge on the degree of proof necessary for a conviction based on circumstantial evidence alone. Where the State's case con-

---

[3] 241 Ga. App. 431 (526 SE2d 95) (1999).
[4] (Punctuation omitted.) Id. at 436 (6).
[5] (Punctuation omitted.) Id. at 437 (6) (a).
[6] (Punctuation omitted.) *Hart v. State*, 238 Ga. App. 325, 327 (2) (d) (517 SE2d 790) (1999). See also *York v. State*, 242 Ga. App. 281, 290 (5) (a) (528 SE2d 823) (2000); *Baldwin v. State*, 264 Ga. 664, 665 (1) (449 SE2d 853) (1994).

sists of both direct and circumstantial evidence, the trial court is required, upon request, to charge the jury on the law of circumstantial evidence.[7] However, the failure to do so is not necessarily harmful.[8] Burns does not even assert in his appellate brief that he was harmed by the failure to give the requested instruction. Indeed, he provides no discussion of the facts whatsoever. Having reviewed the evidence, we think it is highly probable that the failure to give Burns' requested charge did not contribute to the verdict.[9]

The evidence showed that Randy Blair and Lisa Brooks were working at the Busy Bee grocery store late one night when two men came in and robbed the store. One of these men had a gun. After Blair struggled with the gunman, the two robbers ran from the store. Neither Blair nor Brooks was able to positively identify Burns as one of the robbers. However, Johnny Williams, who was living with Burns at the time, told the police that, on the night after the robbery, he heard Burns say that he had robbed the store. The police arrested Burns, who gave a written statement admitting his involvement in the crime. In this statement, which was introduced at trial, Burns admitted that he and another person, known as "Shorty," robbed the Busy Bee store. Burns claimed that he was the lookout and Shorty was the gunman, and that he ran from the store when he saw Shorty fighting with the man at the register. Burns stated that Shorty gave him $100 of the money taken in the robbery. He also stated that a pistol found underneath his bed was the one Shorty had used in the robbery.

Burns' confession is direct, not circumstantial, evidence of his participation in the crime, establishing his identity as one of the robbers.[10] Although there was also circumstantial evidence tending to show Burns' involvement in the crime — for example, Williams' out-of-court statement that he saw Burns watching a videotape apparently taken from the store[11] — this evidence simply corroborated the

---

[7] *Robinson v. State*, 261 Ga. 698, 699 (410 SE2d 116) (1991). The theory behind this requirement is that, if the jury finds that all the direct evidence has been impeached, it will be left simply with the circumstantial evidence, "and therefore must have some guidance on the quantum of circumstantial evidence which will authorize a conviction." Id. However, the Supreme Court has created a bright line rule whereby a circumstantial evidence charge must be given regardless of whether the jury could find that the direct evidence has been impeached. Id. at 699-700.

[8] See *Johnson v. State*, 236 Ga. App. 252, 255-256 (3) (511 SE2d 603) (1999).

[9] See *Francis v. State*, 266 Ga. 69, 72 (3) (463 SE2d 859) (1995) (criminal conviction "will not be reversed when it is highly probable that an erroneous jury instruction did not contribute to the verdict").

[10] See *Stubbs v. State*, 265 Ga. 883, 886, n. 5 (463 SE2d 686) (1995) ("a defendant's confession is direct evidence"); *Bigham v. State*, 222 Ga. App. 353, 354 (474 SE2d 254) (1996) (confession is not circumstantial evidence); *Cooper v. State*, 256 Ga. 234, 236 (3) (347 SE2d 553) (1986).

[11] Williams testified at trial and denied making any such statement to the police. In

direct evidence of Burns' own confession, which was the key piece of evidence showing his guilt. We find it highly unlikely that the jury did not rely on Burns' confession in convicting him of the crime, but convicted him based solely on the circumstantial evidence. Accordingly, any error in failing to give Burns' requested instruction, dealing with the standard for conviction based on circumstantial evidence alone, was harmless.[12]

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 13, 2000 —

*Steven E. Phillips*, for appellant.

*Paul L. Howard, Jr.*, District Attorney, *Christopher M. Quinn*, Assistant District Attorney, for appellee.

---

fact, he denied having any discussion with the police regarding the robbery.

[12] See *Francis*, supra.